

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0463-08

---

### THE STATE OF TEXAS

### v.

### ROMAN RODRIGUEZ, Appellee

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

---

**PRICE, J., filed a concurring opinion in which KELLER, P.J., joined.**

### CONCURRING OPINION

I agree that the trial court properly granted the motion to quash in this cause. My

ultimate reasons are similar to those that the Court offers in its opinion today. I write

separately not only to explain why I ultimately agree with the Court, but also to register my

dismay with the peculiar and confusing way in which the Legislature has chosen to effectuate

its intent in this particular statutory provision.

The statute at issue is decidedly *not* user-friendly. Section 42.12(a) of the Penal Code

makes it a Class A misdemeanor if a person "recklessly discharges a firearm inside the corporate limits of a municipality having a population of 100,000 or more."[1] One of the cardinal rules of statutory construction is that legislative language should be interpreted according to its plain import—when, in fact, its import is plain. While the language of Section 42.12(a) may seem simple enough, on close inspection it turns out to be anything but plain. Specifically, the statute is hopelessly ambiguous with respect to how the prescribed culpable mental state of recklessness should be applied.

It is plain enough that there are two conduct-related elements in the statute. First, the actor must discharge a firearm. Second, he must do so within densely populated city limits. There are three categories of conduct-related element recognized by the Penal Code: nature of conduct elements, result of conduct elements, and circumstances surrounding conduct elements. Knowing which of these categories of conduct-related element is enumerated in a particular Penal Code provision tells us what kind of culpable mental states can inhere:

1.      With respect to nature-of-conduct elements, a person can act intentionally or knowingly.[2]

2.      With respect to result-of-conduct elements, a person can act

---

[1]

TEX. PENAL CODE § 42.12(a).

[2]

*See* TEX. PENAL CODE § 6.03(a) ("A person acts intentionally, or with intent, with respect to the nature of his conduct . . . when it is his conscious objective or desire to engage in the conduct") & (b) ("A person acts knowingly, or with knowledge, with respect to the nature of his conduct . . . when he is aware of the nature of his conduct").

> intentionally, knowingly, recklessly, or with criminal negligence.[3]

3.         With respect to circumstances-surrounding-conduct elements, a person can act with knowledge, recklessness, or criminal negligence.[4]

In Section 42.12(a), that the conduct must occur within densely populated city limits is plainly a circumstances-surrounding-conduct type of conduct element. Such a conduct element may take a recklessness culpable mental state. But does it, in this statute?[5] And, even more puzzling, what category of conduct element does the Legislature regard "discharge a firearm" to fall under? The answer—to me, at least—is not entirely clear.

On its face, discharging a firearm would seem to be a nature-of-conduct type of element rather than a result-of-conduct or circumstances-surrounding-conduct element. But

---

[3]      *See* TEX. PENAL CODE § 6.02(a) ("A person acts intentionally, or with intent, with respect to . . . a result of his conduct when it is his conscious objective or desire . . . to cause the result), (b) ("A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result"), (c) ("A person acts recklessly, or is reckless, with respect to . . . the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that . . . the result will occur) & (d) ("A person acts with criminal negligence, or is criminally negligent, with respect to . . . the result of his conduct when he ought to have been aware of a substantial and unjustifiable risk that . . . the result will occur").

[4]      *See* TEX. PENAL CODE § 6.02(b) ("A person acts knowingly, or with knowledge, with respect . . . to circumstances surrounding his conduct when he is aware . . . that the circumstances exist"), (c) ("A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct . . . when he is aware of but consciously disregards the substantial and unjustifiable risk that the circumstances exist") & (d) ("A person acts with criminal negligence, or is criminally negligent, with respect to circumstances surrounding his conduct . . . when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist").

[5]      The adverb "recklessly" in Section 42.12(a) seems to directly modify "discharge a firearm." Does it also modify "inside the corporate limits of a municipality having a population of 100,000 or more"? If not, should we nevertheless read the statute as if it did? *See* note 7, *post*.

if that is so, why would the Legislature purport to assign the culpable mental state of recklessness to it—one which nature-of-conduct elements ordinarily, according to the Penal Code scheme, do not take? Perhaps the Legislature did not intend for "recklessly" to modify "discharges a firearm" at all, notwithstanding that it is the directly antecedent adverb in the statutory text. Instead, perhaps the Legislature intended for "recklessly" to modify only the circumstance-surrounding-conduct element in the statute; an actor need only be reckless, to be guilty under this provision, with respect to whether his act of discharging the firearm occurred within densely populated city limits. The act of discharging a firearm need only be voluntary;[6] or, alternatively, perhaps a mental state of intentionally or knowingly should be read into the statute for this nature-of-conduct element.[7]

On the other hand, perhaps it is not beyond the realm of plausibility to construe "discharges a firearm" to be a result-of-conduct element. In that case, it *would* take a culpable mental state of recklessness under the overall scheme of the Penal Code. Given that "recklessly" immediately precedes "discharges a firearm" in the structure of Section 42.12(a),

---

[6]    *See* TEX. PENAL CODE § 6.01(a) ("A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession.").

[7]    *See* TEX. PENAL CODE § 6.02(b) ("If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element."); George E. Dix & Robert O. Dawson, 41 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 20.146a (2d ed. Supp. 2009-2010), at 156-58 (noting possibility that §6.02(b) may be applicable in context of a penal statute that provides culpable mental state with respect to some, but not all, of the conduct elements of the offense).

and therefore seems to have been intended directly to modify it,[8] perhaps this is the most natural reading of the statute. If that is the case, I would be inclined to think that what Article 21.15 of the Code of Criminal Procedure requires by way of a particularized allegation of recklessness in the indictment is simply an allegation that the appellant was aware that the firearm was loaded and operable,[9] such that it could be said that he was aware of but consciously disregarded the substantial and unjustifiable risk that the voluntary act of putting pressure on the trigger would result in the firearm's discharge.[10]

The Court today, however, ascribes a completely different significance to the Legislature's use of the culpable mental state of recklessness in Section 42.12(a). The Court holds that an actor must be reckless *not* simply with respect to the simple act of pulling the trigger of the firearm itself, but rather, with respect to some circumstance surrounding the conduct of discharging the firearm—some circumstance *other than* the only circumstance expressly listed in the statute. Thus, the Court holds that in order to comply with Article

---

[8] Perhaps "recklessly" was meant to modify both the result-of-conduct element, "discharges a firearm," *and* the circumstance-surrounding-conduct element, "inside the corporate limits of a municipality having a population of 100,000 or more." *See* TEX. PENAL CODE § 6.02(b).

[9] Not simply *that* the firearm was loaded and operable, as the State alleged in its indictment in this case, but also that the appellant was *aware* that it was loaded and operable.

[10] *See* TEX. CODE CRIM. PROC. art. 21.15 ("Whenever recklessness . . . enters into or is a part or element of any offense, or it is charged that the accused acted recklessly . . . in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness . . ., and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly").

21.15's notice requirement, the State must allege that the firearm was, *e.g.*, discharged into the ground or sky amidst a crowd of people, or in the backyard of a residential neighborhood, on the grounds of an elementary school, in the direction of a traffic sign, or in a public park. While I have no difficulty believing that this was the actual legislative intent, it seems the least plausible construction of the actual statutory language, since it *adds* a conduct element (or elements—indeed, any *number* of elements) not appearing in the language of the statute itself, and thus might expose us to the charge of legislating from the bench if we are wrong.

Still, our paramount duty in construing statutory language is to effectuate the intent of the Legislature. When we insist on implementing plain statutory language, we do so not for its own sake, but because we regard that as the best evidence of the legislative intent. When we encounter a statute that is as impossibly problematic as this one is with respect to the appropriate assignment of the culpable mental state, I believe it is useful and permissible to consult extra-textual sources. Section 42.12 was enacted in 1995 via Senate Bill 68.[11] In a bill analysis prepared by the House Research Organization, it is noted that supporters of Senate Bill 68 endorsed its passage:

> because the current Penal Code offenses of discharge of a firearm in a public place [Section 42.01(a)(7)] and deadly conduct [Section 22.05(b)] do not always cover the firing of guns in *private* places.

> Every year there are numerous cases of people being struck by indiscriminate gunfire. Even a bullet fired straight up in the air on private property can cause

---

[11] Acts 1995, 74th Leg., ch. 663, § 1, p. 3634, eff. Sept. 1, 1995.

severe injury when it lands.  People are being shot by randomly fired bullets as they stroll down a street or watch television in their living rooms. [Senate Bill 68] would decrease the likelihood of such senseless shootings and give prosecutors a precise charge to use when they occur.

This suggests to me that what the Legislature had in mind in passing Section 42.12(a) was to assign a reckless culpable mental state to the act of discharging-a-firearm-within-a-densely-populated-city-limits, requiring that the conduct occur under such *additional* circumstances (albeit not spelled out on the face of the statute) as to create a substantial and unjustifiable risk of injury to another person, with the actor aware of but consciously disregarding *that* risk.  I therefore agree with the Court that we should construe the notice requirement of Article 21.15 to dictate some allegation of recklessness of that sort.

With these added observations, I join the Court's opinion.


FILED:          April 6, 2011
PUBLISH